JS-6

CC: BK Court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IN RE ALICIA HERNANDEZ HERNANDEZ,

    Debtor,

ALICIA HERNANDEZ HERNANDEZ,

    Appellant,

v.

MARK S. ADAMS, *et al.*,

    Appellees.

Case Nos. 5:23-cv-01730-FLA
6:23-bk-10886-WJ

**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DATED APRIL 19, 2023 [DKT. 1]**

## RULING

For the reasons set forth below, the court AFFIRMS the United States Bankruptcy Court for the Central District of California's (the "Bankruptcy Court") denial of Appellant Alicia Hernandez Hernandez's ("Hernandez" or "Debtor") "Motion for Order Awarding Actual Damages, Emotional Distress Damages, Punitive Damages, and Reasonable Attorney Fees and Costs against Attorneys Mark S. Adams and Thomas A. Yatteau for their Willful Violation of the Automatic Stay Under 11 USC Section 362(k)" (the "Motion for Sanctions") in the underlying action.

## BACKGROUND

On January 24, 2022, the Riverside County Superior Court (the "Receivership Court") appointed California Receivership Group, Inc. (the "Receiver"), through its president Mark S. Adams ("Adams"), the Health and Safety Receiver over the real property located at 941 Osage Road, Perris, California 92570 (the "Property"), in the action styled *City of Perris v. Alicia Hernandez*, Case No. CVRI2102819 (the "Receivership Action"). Dkt. 11 at SA_121–23. At the time, the Property was owned by the Debtor. *Id.* at SA_122, ¶ 1. On March 2, 2023, the Receivership Court entered an Order confirming the Receiver's proposed sale of the Property. *Id.* at SA_117, ¶ 6.

On March 8, 2023, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, and the petition was assigned Case No. 6:23-bk-10886-WJ (the "Bankruptcy Action" or "Case 23-bk-10886"). On March 20, 2023, the Receiver filed an *ex parte* application in the Receivership Action, requesting the Receivership Court approve and confirm the retention of Ervin Cohen & Jessup LLP ("ECJ") as its legal counsel in the Bankruptcy Action. Dkt. 11 at SA_128–34. The Receiver's request was made pursuant to California Rule of Court 3.1180, which requires a receiver to obtain court approval to employ an attorney. *Id.* at SA_128–29. On March 23, 2023, the Receivership Court granted the *ex parte* application and approved and confirmed the retention of ECJ. *Id.* at SA_153–55. On March 29, 2023, the Receiver filed and served its February 2023 Monthly Accounting in the Receivership Action. *Id.* at SA_159–92.

On April 6, 2023, Glen Investments, LLC filed a Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 ("Motion for Relief") in the Bankruptcy Action requesting the Bankruptcy Court terminate the automatic stay as to the Property. Case 23-bk-10886, Dkt. 28. On April 27, 2023, the Bankruptcy Court granted the Motion for Relief and lifted "[a]ny remaining automatic stay affecting the Property…." *Id.*, Dkt. 41 at 2.

///

On June 1, 2023, the Debtor filed the Motion for Sanctions, arguing Adams and Thomas A. Yatteau, an in-house attorney with the Receiver, (collectively, "Appellees") violated the automatic stay imposed upon the filing of the Bankruptcy Action, pursuant to 11 U.S.C. § 362(a), "by filing multiple documents at various times" in the Receivership Action prior to the termination of the automatic stay. Case 23-bk-10886, Dkt. 51 at 3. Appellees opposed the Motion for Sanctions. *Id.*, Dkt. 53. The Motion for Sanctions came to hearing on July 18, 2023, at which time the Bankruptcy Court denied the motion in its entirety for the reasons stated on the record. *Id.*, Dkts. 65, 67, 80.

On July 25, 2023, the Debtor filed the subject appeal. *Id.*, Dkt. 69. On August 15, 2023, the appeal was transferred to this court. *Id.* Dkt. 81.

## **DISCUSSION**

"By filing a bankruptcy petition, the debtor immediately obtains the protection of an automatic stay." *In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014) (citing 11 U.S.C. § 362(a)). "The automatic stay is designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate." *Id.* (italics in original, quotation marks and citation omitted). "The stay thus protects the debtor by allowing it breathing space and also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others." *Id.* (brackets, quotation marks and citation omitted). "Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo." *Id.* (quotation marks and citation omitted).

The Debtor contends Appellees violated the automatic stay by filing documents in the Receivership Action, including the documents necessary to retain counsel to represent the Receiver in the Bankruptcy Action. Dkt. 9 at 6–8; Case 23-bk-10886, Dkt. 81 at 5. The Debtor admitted at the July 18, 2023 hearing on the Motion for Sanctions that parties do not violate the automatic stay by retaining counsel to

3

represent themselves in the bankruptcy proceedings. Case 23-bk-10886, Dkt. 81 at 5. Nevertheless, the Debtor argues the filing of this request in the Receivership Action violated the text of the statute. Dkt. 9 at 10. The court disagrees.

Appellees' request for approval and confirmation of counsel (and related documents) in the Receivership Action constitutes permissible conduct that falls outside the scope of the automatic stay. The Ninth Circuit has recognized:

> The purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions. … The automatic stay also prevents piecemeal diminution of the debtor's estate. … The automatic stay does not necessarily prevent all activity outside the bankruptcy forum.

*In re Roach*, 660 F.2d 1316, 1318–19 (9th Cir. 1981)). Litigation activity that "merely maintain[s] the status quo, and [does] not harass, interfere or gain any advantage" in the prepetition proceedings "is consistent with the purposes of the automatic stay provision" and not sanctionable. *Id.* at 1319; *see also In re Perryman*, 631 B.R. 899, 901 (B.A.P. 9th Cir. 2021) (recognizing conduct such as "[r]equesting continuances and attending status conferences do not constitute continuation of the prepetition action for purposes of the automatic stay"). The Debtor's argument is frivolous and lacks merit.

Similarly, the Receiver's filing of its February 2023 Monthly Accounting in the Receivership Action "merely maintained the status quo, and did not harass, interfere or gain any advantage," and did not violate the automatic stay. *See In re Roach*, 660 F.2d at 1319.

The court, therefore, finds the Bankruptcy Court correctly denied the Debtor's Motion for Sanctions.

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, the court AFFIRMS the Bankruptcy Court's Order denying the Motion for Sanctions (Case 23-bk-10886, Dkts. 65, 67, 80) in its entirety. Having affirmed the Bankruptcy Court's Order for the reasons stated, the court need not address the parties' remaining arguments.

IT IS SO ORDERED.

Dated: August 2, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge